IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| ALLEN E. PITTMAN, | ) | CASE NO. 2:16CV13888 |
|---|---|---|
| Petitioner, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| DUNCAN MACLAREN, | ) ) | |
| Respondent. | ) ) ) | **ORDER** |

Pending before the Court is Petitioner's Motion for Appointment of Counsel. Doc. 10. Petitioner requests the Court appoint counsel for him because he has a learning disability and is at a fifth grade level academically. Id., p. 1. He asserts that he has "no learning of the law or legal procedures" and that a paralegal at the prison is preparing his filings. Id., pp. 1-2. He further submits that his ability to investigate his case is seriously impaired by his incarceration. Id., p. 2.

There is no constitutional right to counsel in federal habeas corpus proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). A federal habeas court may appointment counsel for any financially eligible person if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court; it is only mandatory when the district court determines that an evidentiary hearing is required. *Id.*; *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich. 2004). When an evidentiary hearing is not required, the court considers whether exceptional circumstances justifying the appointment of counsel, such as whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim, *id.*, or whether the issues are straightforward and capable of resolution on the record, *Gorrasi v.*

1

*Warden, Pickaway Corr. Inst.*, 2012 WL 4342624, at *1 (S.D. Ohio Sept. 21, 2012)(collecting cases).

Here, Petitioner has not asked for an evidentiary hearing and the Court finds that none is required. Petitioner's claims are straightforward and capable of resolution on the record. *See Gorrasi*, 2012 WL 4342624, at *1. His filings are clear and concise and relevant to the issues raised; in short, he can adequately investigate, prepare and present his claims. *See Lemeshko*, 325 F.Supp.2d at 787. Petitioner insinuates, in a footnote, that the mother of the child victim in this case instigated the charges against him because he purportedly indicated that he would no longer financially support her. Doc. 10, p. 3. To the extent that Petitioner is asserting that these allegations require counsel to investigate, the Court disagrees. Petitioner's insinuations are too insubstantial to rise to the level of exceptional circumstances that justify the appointment of counsel.

Petitioner's motion for appointment of counsel (Doc. 10) is DENIED. Notwithstanding Petitioner's still-pending motion for stay and abeyance, Petitioner shall file any reply to Respondent's Response (Doc. 7) within forty-five (45) days of the date of this Order.

IT IS SO ORDERED.

Dated: August 14, 2017

Kathleen B. Burke
United States Magistrate Judge