IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLEN E. PITTMAN, ) | CASE NO. 2:16CV13888 |
| ) | (1:17CV1286) |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | JUDGE DONALD C. NUGENT |
| DUNCAN MCLAREN ) | |
| ) | ORDER ADOPTING REPORT AND |
| Respondent. ) | RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke, which was issued on December 15, 2017 (ECF #23). For the following reasons, the Report and Recommendation, is hereby ADOPTED.

On October 20, 2016, Petitioner filed his pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (ECF #1). Petitioner challenges his sentence of 75 to 180 years in prison after being found guilty by a Wayne County, Michigan, Circuit Court jury of three counts of criminal sexual misconduct of the first degree, and three counts of criminal sexual misconduct of the second degree. (ECF #8-9, pp. 4-5).

Prior to the filing of the within Petition, Mr. Pittman filed a direct appeal of his conviction to the Michigan Court of Appeals. The trial court's judgment was affirmed by the Court of Appeals. (*See* ECF #8-12; *People v. Pittman*, 2015 WL 4988070 (Mich. Ct. App. Aug. 20, 2015). Mr. Pittman also appealed to the Michigan Supreme Court, but the Court denied the appeal. (See ECF #8-14).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1992 (hereafter "AEDPA").

As for the within habeas action, Petitioner raises the following grounds for relief:

Ground One - MRE 803A "Hearsay Exception: child statement about sexual act" evidence improperly admitted into evidence;

Ground Two - Failure to include M CRIM JI 20.28a permitted jury to find defendant guilty of alleged bad acts occurring in West Virginia for which he was not charged;

Ground Three - court's failure to provide M CRIM JI 3.10 "time and place" (venue) instruction to the jury allowed jury to believe they may find defendant guilty of criminal sexual conduct offense(s) out of state and for which he was not charged;

Ground Four - Closing argument of prosecution misstated and misled jury regarding necessary "elements" of offense of first-degree criminal sexual conduct;

Ground Five - Defendant was denied effective assistance of counsel; and

Ground Six - Jury verdict was not supported by sufficient evidence to permit a reasonable finder of fact to find guilt beyond a reasonable doubt.

(ECF #1, pp. 6-35).

On June 2, 2017, Petitioner filed a Motion to Stay Proceedings and Hold Petition in Abeyance. (ECF #9). On May 8, 2017, Respondent filed a Response to the Petition for Writ of Habeas Corpus (ECF #7). Magistrate Judge Burke's Report and Recommendation was issued on December 15, 2017. On January 4, 2018, Petitioner filed a Motion to Expedite or in the Alternative Motion to Show Cause. (ECF #24). Petitioner has not filed an Objection to the Report and Recommendation. This Court adopts the Report and Recommendation for the reasons set forth below.

I.  Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are

made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

II. Legal Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides this Court with the following standard of review:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an

>unreasonable application of, clearly established Federal law...
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Furthermore, a reviewing Federal court is obligated to accept a state court's interpretation of the state's statutes and rules of practice, as it is presumed to be correct. 28 U.S.C. § 2254(e).

Magistrate Judge Burke provided that under the AEDPA, the Petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Therefore, a state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b) and (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Furthermore, alleged violations of state law are not cognizable in federal habeas cases. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

Magistrate Judge Burke analyzed Petitioner's claims and found as follows:

Ground 1 is not cognizable as it alleges a violation of Michigan Rule of Evidence 803A, which is a state evidentiary rule, and such a claim is not cognizable in federal habeas cases. (ECF #23, p. 9).

Grounds 2 and 3, arguing improper jury instructions, are procedurally defaulted, as Petitioner's trial counsel indicated that "[Mr. Pittman] was satisfied with the trial court's final

-4-

instructions." (ECF #23, pp. 9-10; *Pittman*, 2015 WL 4988070, at *4). Therefore, Magistrate Judge Burke has found that Petitioner waived the ability to challenge the jury instructions on appellate review and upon federal habeas review.

Ground 4 is also procedurally defaulted, as Petitioner did not object to the Prosecutor's alleged misstatement of the elements of criminal sexual conduct in the first degree during closing argument at trial. (ECF #23, p. 11). Magistrate Judge Burke found that Mr. Pittman's claim was unpreserved, and therefore, forecloses federal habeas review.

Ground 5 fails on the merits, as it alleges trial counsel was ineffective based upon the aforementioned grounds (the alleged violation of state evidentiary rules, the two jury instructions and the alleged misstatement made by the Prosecutor during closing argument), and those issues were fully and accurately addressed by the Michigan Court of Appeals. (ECF #23, pp. 12-19). Magistrate Judge Burke found the Michigan Court of Appeals analysis and decision regarding these issues was proper, and therefore, ruled that Ground 5 fails on the merits.

Finally, Magistrate Judge Burke recommends that Ground 6 is unexhausted, as Petitioner did not present the issue of whether the jury verdict was not supported by sufficient evidence in the Michigan Supreme Court. (ECF #23, pp. 19-20). This Court may review unexhausted claims in habeas actions if the claim plainly fails on the merits. 28 U.S.C. § 2254(b)(2). Magistrate Judge Burke found Petitioner's claim plainly meritless, indicating that the Michigan Court of Appeals correctly applied the "sufficiency of the evidence" standard of review to this claim. (ECF #23, pp. 20-22). Therefore, Magistrate Judge Burke recommended that Petitioner's motion to stay the proceedings, so that he present this issue to the Michigan Supreme Court, should be denied. This

Court agrees with this analysis of the claims within Ground 6, and Petitioner's Motion to Stay, (ECF #9), is DENIED.

III.     Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo, see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Burke's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).

Therefore, the Report and Recommendation of Magistrate Judge Kathleen B. Burke, (ECF #23), is ADOPTED, and this Petition is DISMISSED. Petitioner's Motion to Stay, ECF 9, is DENIED.

IT IS SO ORDERED.

  /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 31, 2018